## FERGUSON v. McMAHON.

PLEADING AND PRACTICE: *Parties: Action in name of agent.*

Although a mortgage is executed under the direction of an agent, and is the result of a negotiation conducted by him, if it is made to and in the name of his principal alone, and the agent is not a party thereto, he cannot sue upon it in his own name. In such case the mortgage contract is not made with the agent within the meaning of sec. 4936 Mansf. Dig., which provides that "a person with whom * * * a contract is made for the benefit of another," may sue thereon without joining the person for whose benefit the action is prosecuted.

APPEAL from *Nevada* Circuit Court.

R. B. WILLIAMS, Special Judge.

John T. McMahon brought replevin against J. T. and J. N. Ferguson, to recover four bales of cotton which he claimed as agent of Thomas E. McMahon, under a mortgage executed to the latter by Daniel Dixon, who sold the cotton to the defendants. One of the instructions given to the jury is as follows:

"If the jury believe from the evidence that one Dan Dickson raised the cotton in question, and that he had mortgaged the same to Thomas E. McMahon, to secure a debt, and that said debt has not been fully paid; that said mortgage had been

filed or recorded before the purchase of the cotton in question by the defendants, and in the county where said cotton was grown, then you will find for the plaintiff, provided you find that the plaintiff was the agent of said Thomas E. McMahon."

The verdict and judgment were for the plaintiff, and the defendants appealed.

Sec. 4936 Mansf. Dig., is as follows: "An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or the State, or any officer thereof, or any person expressly authorized by the statute to do so, may bring an action without joining with him, the person for whose benefit it is prosecuted."

*Atkinson, Tompkins* and *Greeson,* for appellant.

The court erred in permitting the appellee to amend by substituting John F. McMahon as agent for Thomas E. as plaintiff, instead of Thomas E. McMahon. This was a complete change of parties and should not have been permitted. *Sec. 5080 Mansf. Dig.; 27 Ala., 326; 57 id., 168; 51 Cal., 153; 14 N. Y., 14; S. C., 67 Am. Dec., 196–7; 34 Ark., 157; Green Pr. & Pl., sec. 466; Pom. Rem., etc., sec. 420; Newman on Pl., 287; Bliss Code Pl., sec. 56 et seq.; 47 Ark., 548.*

*C. C. Hamby,* for appellee.

The addition of the words "as agent of Thomas E. McMahon" to appellee's name, is not a substitution; it was simply defining the capacity, or by what right the appellee *sued,* and is allowable under our statute. *28 N. W. Rep., 560; 10 ib., 884; 42 Ark., 57; 42 id., 541; 76 Ga., 693.*

An agent, or any one having an interest, coupled with the right of possession, can bring replevin. *38 Ark., 413; 47 id., 378; 11 id., 249; 50 id., 169; Waite's Act. & Def., vol. 5, p. 484.*

COCKRILL, C. J. No reason is disclosed for allowing a recovery for the benefit of Thomas E. McMahon in the name of John McMahon. He is not a trustee for Thomas E.; the mort-

PLEADING AND PRACTICE:
Parties.

gage contract was not made in his name; nor is he a person with whom the contract was made and therefore entitled to sue in his own name, within the meaning of sec. 4936 of Mansf. Dig. It is true that the plaintiff, John McMahon, conducted the negotiations which led to the mortgage, and also directed its execution, but he is not a party to the instrument, and in all his dealings was only the agent of Thomas E. McMahon, the mortgagee. An agent, who makes a contract for his principal, in the principal's name, is not, in any legal sense, a person with whom the contract is made; the contract in such a case is with the principal only, and he alone is authorized to enforce it. *Bliss on Code Pl., sec. 56.* The agent in such a case has not necessarily even the implied authority to discharge the contract by receiving what is due upon it, much less the right to enforce payment by suit. *Meyer, Bannerman & Co. v. Stone, 46 Ark., 210.*

The court erred, therefore, in instructing the jury that John McMahon could in any event recover the property in dispute upon the faith of the mortgage executed to Thomas E. McMahon.

If John McMahon was the bailee of the property, or had a special interest in it, as he testified, he could maintain an action in his own name against one who wrongfully deprived him of the possession. *Bliss Code Pl., sup.* But the evidence was conflicting upon that phase of the case, and we cannot disregard the error pointed out.

Reverse the judgment and remand the cause for a new trial in accordance with this opinion.